# Staunton

## C. F. SMITH, ET AL. V. BOARD OF SUPERVISORS OF WASHINGTON COUNTY, VIRGINIA.

September 12, 1930.

Absent, Holt and Browning, JJ.

344

V. C. *Barker* and *White, Penn & Stuart*, for the plaintiffs in error.

*Fred C. Parks* and *H. E. Widener*, for the defendants in error.

HUDGINS, J., delivered the opinion of the court.

This is a writ of error to a judgment of the Circuit Court of Washington county, sustaining the order of the board of supervisors of that county increasing certain county and district levies for the tax year beginning January 1, 1929. The facts are as follows:

The board of supervisors prepared its budget of expenditures, estimated revenues and borrowings for the ensuing appropriation year, and on April 22, 1929, held a public hearing on the budget and proposed increase and decrease of county tax levies for the tax year. Notwithstanding opposition by many citizens, the board adopted the proposed budget and fixed the increase in county and district levies as published. From this action of the board of supervisors a number of freeholders appealed to the circuit court, and, after a full hearing, the court, on June 10, 1929, entered the following order:

"That the budget prepared by the board of supervisors is not in accordance with law as set forth in section 1577-1 (2577-1) Code of Virginia, as amended by the Acts of the General Assembly of 1927, page 126, in that said budget as prepared and published did not show opposite each item of expenditures in separate parallel columns the amount appropriated for the preceding appropriation year, the

amount expended during that year, the amount appropriated for the current year, and the increase or decrease in the proposed expenditures for the ensuing year, as compared with the appropriation for the current year, and that the levies made by the said board of supervisors upon said budget as prepared and published were therefore without warrant of law. And this case is remanded to the board of supervisors for preparation and publication of the budget in accordance with law."

Pursuant to this order of the circuit court, the board of supervisors again prepared and published its proposed budget and levies, gave a public hearing thereon, and on August 26, 1929, adopted the same as revised and republished, and fixed the county and district levies for the tax year 1929. The expenditures and levies, as finally adopted, were practically the same as those set out in the April order. A second time certain freeholders, all except the Norfolk and Western Railway Company residing in Kinderhook district, appealed from the action of the board of supervisors to the circuit court, which on the 18th day of October, 1929, held that there was no reversible error in the action of the board of supervisors and dismissed the case. From this decision a writ of error was granted by one of the justices of this court.

The errors assigned are: (1) That notice given by the board of the hearing held on August 26, 1929, was not sufficient. (2) The increased tax rate was illegal and void because the levy was made too late.

The statutory provision which requires notice to be published before an increased levy is made is found in the Acts of Assembly, 1927, chapter 37, section 5, page 127, and is the same as Code of 1930, section 2577m (4). Its exact wording is as follows: "Before any local tax levy be increased, the amount and purpose of such increase shall be published in a newspaper having general circulation in the locality affected at least thirty days before the increased levy or assessment is made, and the citizens of the locality

shall be given an opportunity to appear before, and be heard by, the local governing body on the subject of such increase. This section shall not be construed as in any way interfering with requirements of sections one and two of this act (Code 2577-l and 2577-m) as to the manner and form of publicity provided in said section."

Section 1 of chapter 37, mentioned in the above act, directs when and how local governmental bodies shall prepare the budget. Section 2 directs when and how a brief synopsis of the budget shall be published. Neither of the two sections aid in construing the provisions just quoted. Section 5 provides that the "amount" and the "purpose" of the proposed increase shall be published for thirty days in a newspaper of general circulation in the locality affected. The notice of the proposed increase in levies was published as a part of the budget, with some parts of the increase in different paragraphs. The notice, printed in heavy, black type extending nine inches across a newspaper page, was in the following words and figures. "Notice of Hearing of the County Budget for the Fiscal Year Beginning July 1, 1929, and Ending June 30, 1930, and for Hearing on the Following Proposed Increases in the Local Tax Levies for the Tax Year Beginning January 1, 1929."

The only increase in levies complained of in the instant case is confined to the county and district road levies. The proposed county levy is set forth in the published notice as follows:

|  | "28–29 | 29–30 | Increase over 28–29 |
|---|---|---|---|
| "County levy | 50c | 50c | 0 |
| "County school levy | 50c | 50c | 0 |
| "County road levy | 5c | 40c | 35c |
| "County pension fund levy | 6c | 6c | 0 |
| "Total county levies | 1.11 | 1.46 | |
| "Net increase | | | 35c |

"For Kinderhook district, as follows:

## "KINDERHOOK DISTRICT

|  | "28–29 | 29–30 | De-crease | In-crease |
|---|---|---|---|---|
| "District roads......... | 35c | 40c | .... | 5c |
| "Bridges.............. | 70c | .... | 70c | ...... |
| "Construction fund..... | .... | 70c | .... | 70c |
| "Sinking fund.......... | 20c | 20c | .... | ...... |
| "Net increase.......... | .... | .... | .... | 5c" |

▮ A casual examination of the notice shows the county road levy raised from five cents to forty cents; the district road levy increased from thirty-five cents to forty cents; district bridge levy discontinued; a new construction levy of seventy cents for the district; no change in the sinking fund levy; the total increase in the district levy is only five cents, that of the county thirty-five cents. While the publication does not say in terms that the tax is so much on the one hundred dollars of assessed valuation, this is a matter of common knowledge. There is no trouble in ascertaining from the notice the "amount" of the increase.

The next inquiry is, does the "purpose" of the proposed increase in tax levies appear in the notice as required by the statute? It appears from the notice that there are four general county levies; from three to five district road levies; a sinking fund levy in those districts in which there is a bonded indebtedness; from two to three district school levies. The total levies, including those for the county and district, vary from nine to twelve, all for the purpose of raising money for various county and district governmental activities, and the purpose of each levy is designated in a general way by name. For instance, "district school levy" is made for the purpose of the maintenance of schools in that district, and the law provides that it must be spent in a certain definite way.

The General Assembly of 1928, by the adoption of chapter 159, page 568, enacted a general road law applicable to all the counties of the Commonwealth. Section 11 of this act authorizes the boards of supervisors of the counties to levy a county road tax, not to exceed forty cents on every one hundred dollars of assessed valuation, and provides how the proceeds therefrom shall be spent. Section 12 of the same act authorizes the boards to levy a district road tax, not to exceed forty cents on the one hundred dollars, and provides how the same must be spent, namely, for the "working, keeping in order, and repairing the public roads in each district." Section 12½ of the same act authorizes the board to levy a tax not to exceed seventy cents on each one hundred dollars, and provides that the same is to be expended for "the permanent improvement of the county roads in each district," and, further, that "a different tax may be prescribed for the various districts. The amount collected in each district under the provisions, of this act shall be expended therein, except the funds collected under the provisions of this section shall be used exclusively for the permanent improvement of roads in the district, to cover the purchase of equipment, supplies, machinery and other incidental expenses incident to such improvement."

The plaintiffs in error contend that the "purpose" for the increased levies does not appear from the notice. Just how definitely the notice must specify the purpose of the increase is not stated in their brief. On the contrary, they state that "it is not our province to specify the information that should have been given," but it would have been more than that "* * * the increase will be used for road purposes * * *."

The increased tax levies were made by a duly elected board, the sole governmental agency authorized by the Constitution (section 111) to make county and district levies; the increases are within the limits fixed by law; the revenues

derived therefrom are needed for county and district road purposes. The object of the statute in requiring a notice to be published is to give the tax payers an opportunity to be heard in behalf of, or against, the increase. This object was accomplished. The tax payers appeared at the April meeting, expressed their views, were not satisfied with the action of the board, and successfully prosecuted their appeal to the circuit court. It is true that the court reversed the action of the board because of its failure to comply with certain statutory requirements. Again notice was published, and a hearing was held, pursuant to the statute and the order of the court.

The action of the board has not been behind closed doors. The responsibility for building and maintaining county and district roads is on the board of supervisors, not on the individual citizens or the courts. If, in the opinion of the citizens, the board has not fully measured up to that responsibility or wisely exercised its discretion in raising the road tax, the remedy for such failure is at the next election. When the board has strictly complied with the statutory provisions in fixing within legal limits a rate of taxation on property which is a legal subject for taxation, and for a purpose fixed by law, a substantial compliance with the statutory provisions as to the manner and form should be upheld by the court.

"The failure of a tax levy to state distinctly, as required by statute, the amount of the tax and the purpose for which it is levied, invalidates the tax, except where the statute itself defines such purpose. But a substantial compliance with such requirements is sufficient, and it is enough if reasonable certainty and particularity is used in setting forth the purpose of the tax, or the amount thereof." 37 Cyc. 972.

It is also claimed that the notice is void because it was published with and as a part of the budget. There is no language in the act showing that it was mandatory

on the board to publish a synopsis of the budget and the notice of the increase separately. From what is said above, it is demonstrated that the object of the statute requiring the notice was accomplished.

The notice was published in "The Journal-Virginian," the only newspaper published in Washington county. The increased rate affected each district in the county, but because in one district another newspaper, published outside the county, had a more extensive circulation, it is claimed that the county paper did not have general circulation in the localities affected. If this contention were followed to its logical conclusion, then, whenever an increase in county levies becomes necessary, the board of supervisors would have to ascertain what newspapers have the largest circulation in each magisterial district, and publish notices accordingly. Without further discussion, suffice it to say that there is no merit in this contention.

It is claimed that the notice of proposed increase in local tax levies is insufficient because the board of supervisors failed to use the forms provided by the Director of the Budget. The statute, chapter 37, section 4, provides that "the Director of the Budget shall prescribe and furnish for the boards of supervisors all necessary rules, instructions, forms and classifications for the preparation of county budgets." This section is dealing with both expenditures and estimated revenues. Section 5 relates solely to an increase in taxation. The Director of the Budget is required to furnish the boards of supervisors all necessary forms for the preparation of the budget, but it is not mandatory upon the boards to use the forms furnished by the Director of the Budget for the required notice of a proposed increase in local levies. If the General Assembly so intended, it has not used appropriate language to express that intention.

The second assignment of error is that the order of the supervisors fixing the tax levies for the year 1929 was illegal and void because made too late.

The first levies were made at the April meeting, 1929, within the time provided by section 288 of the Tax Code (Acts 1928, chapter 45). Under section 290 of the Tax Code, the appellants were entitled to, and availed themselves of, the right of appeal from the order of the board to the circuit court of the county. By the time the court had an opportunity to pass upon the question involved in the appeal, to-wit, the 10th day of June, 1929, the time fixed by law for the regular laying of the tax levies by the board had passed.

This section further provides that "without awaiting the final decision of the appeal, the board may rescind its order and order a levy according to law; or if the court shall, on the hearing of the appeal, be of the opinion that the order is contrary to law, it shall reverse the same and direct the said board to enter such order as to the court may seem right."

When an appeal is taken from the order of the board of supervisors fixing tax levies for the current year, two courses are open to them. One is to rescind the former order levying the tax and enter a new order, notwithstanding an appeal is pending. The other is to await final decision on the appeal and follow the mandate of the court as to the budget and the laying of the levies. The latter course was followed in this case. Clearly, then, the time specified within which the local levies should be made does not apply to the situation disclosed by the record in this case.

Upon the whole case, we are of opinion to affirm the decision of the trial court.

*Affirmed.*